GILBERTO AND MARGARITA HERNANDEZ, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hernandez v. Commissioner
Docket No. 7235-88.
United States Tax Court
T.C. Memo 1989-98; 1989 Tax Ct. Memo LEXIS 98; 56 T.C.M. (CCH) 1420; T.C.M. (RIA) 89098; March 13, 1989. Gilberto and Margarita Hernandez, pro se. Curt M. Rubin, for the respondent. SWIFT
MEMORANDUM OPINION SWIFT, Judge: Respondent determined a deficiency in petitioners' Federal income tax liability for 1984 in the amount of $ 997. Respondent also determined additions to tax under sections 6653(a)(1) and 6653(a)(2). [1] The primary issue for decision is whether petitioner Gilberto Hernandez earned additional tip income in 1984 in the amount of $ 4,273. Trial of this case was heard in New York City on February 6, 1989. FINDINGS OF FACT Petitioners are *99 husband and wife and resided in Brooklyn, New York, at the time they filed their petition in this case. Petitioner Gilberto Hernandez (hereinafter "petitioner") came to the United States from Puerto Rico in 1976. In 1980, he began working as a busboy in the coffee shop at the New York Hilton Hotel. He worked as a busboy until 1986 when he became a waiter. In 1984, petitioner worked the morning and early afternoon shift, which started at 6:30 a.m. and ended at 3:00 p.m., Wednesdays through Sundays. For his work as a busboy petitioner was paid a wage of approximately $ 5.00 per hour. At the end of each day's shift, petitioner also was paid a portion of the tips received by those waiters whose tables petitioner had bused. Waiters were not required to pay busboys a portion of their tips. It was generally understood, however, that busboys were to be paid by the waiters whose tables they bused from 10 to 15 percent of the total tips received by the waiters. The specific amount of tips paid to busboys on any one day depended on the total amount of tips the waiters received, the attitude of individual waiters regarding the work of the busboys assisting them, the length of the shift, *100 and the quality of the busboys' work. Amounts paid by waiters to busboys were paid in cash from cash tips the waiters had received. Busboys had no contract with the hotel nor with their union that entitled them to receive a portion of waiters' tips. The practice of sharing tips with busboys, however, is recognized throughout the restaurant industry. If a particular waiter did not share tips with busboys (or shared a significantly smaller percentage than other waiters), a busboy could, on subsequent shifts, refuse to bus that particular waiter's tables. Each Sunday petitioner would submit to the hotel on a form given to him by the hotel a figure for the amount of tips he received from waiters during the prior seven days. The cumulative amount of tips petitioner reported to the hotel in 1984 was $ 1,180 and that amount was reflected on petitioner's W-2 statement and on petitioner's 1984 tax return. On audit, respondent determined that petitioner underreported tips he received in 1984. Respondent's determination was based on estimates respondent developed of average tip income. In his calculations, respondent used 1984 sales figures for the hotel coffee shop, estimated tip income *101 percentages, and a percentage of 15 percent for the portion of waiters' tips generally shared with busboys. Adjustments were made in respondent's calculations for customers who did not tip and for differences in the amount of tips received from customers who paid with cash and customers who paid with charge cards. Using his tip-income projections, respondent calculated that each busboy at the coffee shop received from waiters average tips of $ 2.38 per hour, and that based on the total hours he worked in 1984, petitioner received an additional $ 4,273 in tip income. OPINION It is well settled that tips received are includable in gross income as compensation for services rendered. Sec. 61(a)(1); sec. 1.61-2(a)(1), Income Tax Regs.; Bruno v. Commissioner,T.C. Memo. 1985-168. Petitioner does not contend otherwise. Petitioner simply contends that the $ 1,180 in tips reported on his tax return and on his W-2 statement is accurate and that the additional $ 4,273 in tips determined by respondent is incorrect. Petitioner also contends that the projections used by respondent do not adequately account for the many customers who do not tip at all nor for the many waiters *102 who pay busboys less than 15 percent of their tips. Petitioner testified that he worked 40 hours a week throughout 1984 or a total of 2,080 hours. [2] If these total hours are divided into the $ 1,180 in tips petitioner reported on his 1984 tax return, the hourly rate of tips he would have received would be only 56 cents per hour. That figure is not close to the hourly tip rate testified to by any of the witnesses including petitioner. It is thus clear that not all of the tips petitioner received in 1984 were reported on petitioner's tax return. Under the facts of this case, we conclude that the average tip rate of $ 2.38 per hour developed by respondent is appropriate and is to be used in reconstructing petitioner's tip income. This tip rate is well supported by the evidence, and we perceive no basis for making further adjustments to respondent's calculations. We so hold. With regard to the negligence additions to tax, the evidence is sparse. Petitioner did impress us with his sincerity and credibility. On the facts before us, we find that petitioner was not negligent in the filing of his 1984 tax return. Decision *103 will be entered only in the amount of the deficiency.
Footnotes
1. Unless otherwise indicated, all section references are to Internal Revenue Code of 1954, as in effect during the year in issue.↩
2. 40 hours times 52 weeks equals 2,080 hours.↩